UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

|                                                        )
|                                                        )
| PHILIP R. CHOMO,                                       )
|                                                        )
|         Plaintiff,                                     )
|                                                        )
| v.                                                     )
|                                                        )
|                                                        )
| FULL SPECTRUM LENDING, INC.,                           )
| COUNTRYWIDE HOME LOANS, BANK OF                        )
| NEW YORK MELLON FKA BANK OF NEW                        )   No. 17-cv-12466-DJC
| YORK AS TRUSTEE ON BEHALF OF THE                       )
| CERTIFICATE HOLDERS CWABS INC.                         )
| ALTERNATIVE LOAN TRUST 2004-15                         )
| MORTGAGE PASS-THROUGH                                  )
| CERTIFICATES, SERIES 2004-15, SELECT                   )
| PORTFOLIO SERVICING, INC., BANK OF                     )
| OF NEW YORK MELLON and                                 )
| CITIMORTGAGE, INC.,                                    )
|                                                        )
|         Defendants.                                    )
|                                                        )
|                                                        )

                         **MEMORANDUM AND ORDER**

**CASPER, J.**                                                    July 19, 2019

**I.    Introduction**

Plaintiff Philip R. Chomo ("Chomo") has filed this lawsuit against Defendants Full Spectrum Lending, Inc. ("Full Spectrum"), Countrywide Home Loans ("Countrywide"), Bank of New York Mellon ("BNY Mellon"), Bank of New York Mellon as trustee on behalf of the certificate holders CWABS Inc. Alternative Loan Trust 2004-15 Mortgage Pass-through certificates, series 2004-15 a ("the Trustee"), Select Portfolio Servicing, Inc. ("SPS") and Bank of

1

America, N.A. ("BANA") (collectively, "Defendants")[1] alleging violations of the Truth in Lending Act, 15 U.S.C. § 1641, by BANA (Count I) and BNY Mellon (Count II) and wrongful acceleration by the Trustee and/or BNY Mellon (Count III). D. 1. Chomo also brings an action for quiet title against all Defendants except SPS (Count IV), alleges a violation of Mass. Gen. L. c. 93A against Countrywide (Count VI) and seeks a declaratory judgment against the Trustee and BNY Mellon (Count V). Id. Defendants Countrywide, Full Spectrum and BANA have moved to dismiss all claims against them, D. 14, and Defendants the Trustee, BNY Mellon and SPS have separately moved to dismiss all claims against them, D. 22. For the reasons stated below, the Court ALLOWS Defendants' motions.

## II.     Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the conduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint

---

[1] Defendant CitiMortgage, Inc., the subject of Count VII in the complaint, was dismissed by stipulation. D. 54.

must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted).

The Court will dismiss a pleading that fails to include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" García-Catalán, 734 F.3d at 102. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" García-Catalán, 734 F.3d at 103 (alteration in original) (citation omitted). "This context-specific inquiry does not demand 'a high degree of factual specificity.'" Id. (citation omitted).

When a plaintiff is *pro se*, the Court must apply a liberal reading to the complaint and hold *pro se* litigants to a less stringent pleading standard. Green v. Commonwealth of Mass., 108 F.R.D. 217, 218 (D. Mass. 1985). A *pro se* plaintiff, however, must still comply with procedural and substantive law and "dismissal remains appropriate . . . when the complaint fails to even suggest an actionable claim." Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001).

### III. Factual Background

The following facts are taken from Chomo's complaint, D. 1, and the Court accepts them as true for the purposes of resolving this motion.

3

On November 18, 2004, Chomo signed a promissory note (the "Note") for $490,000 and granted a mortgage (the "Mortgage") securing the Note on the property located at 24 Ridge Lane, Nantucket, MA. D. 1 ¶¶ 1-2. Mortgage Electronic Registration Systems, Inc. ("MERS") was to hold the Mortgage as nominee for the original lender, Full Spectrum. D. 1 ¶ 2. At that time, Full Spectrum was a subsidiary of Countrywide Financial Corporation and, soon thereafter, it became a subsidiary of Defendant Countrywide. D. 1 ¶ 3. Countrywide Financial Corporation and Countrywide are both owned by Bank of America. Id.; D. 15 n.2. At some point, the Note was converted into a negotiable instrument through two endorsements: one from Full Spectrum to Countrywide and one through an endorsement in blank by Countrywide. D. 1 ¶ 13. Both endorsements were signed by a specific managing director of Countrywide. D. 1 ¶ 14. The two signatures, however, allegedly appear different, and Chomo contends that they were not signed by this same director, but rather by "some other person with no personal knowledge of the circumstances." Id.

On March 26, 2009, MERS, acting as nominee, attempted to assign the Mortgage to the Trustee. D. 1 ¶ 4. The Trustee, however, was unable to accept new mortgages at that time pursuant to the terms of the trust and IRS rules. Id. On May 19, 2011, MERS once again attempted to assign the Mortgage to the Trustee. D. 1 ¶ 5. Chomo signed a loan modification agreement with BANA on December 9, 2013, but the Mortgage had already been assigned to the Trustee and accordingly the modification never went into effect. D. 1 ¶ 6.

On July 15, 2016, the Trustee assigned the Mortgage to BANA. D. 1 ¶ 7. One week later, SPS sent a letter to Chomo informing him that SPS was servicing the Mortgage on behalf of the Trustee. Id. In seventeen subsequent letters, SPS identified itself as the servicer of the Mortgage without stating that it was no longer acting on behalf of the Trustee or that BANA now owned the

Mortgage. D. 1 ¶ 8. On July 26, 2017, Chomo received a notice from a law firm informing him that SPS had retained the firm "because the loan had been accelerated." D. 1 ¶ 10. The notice stated: "[t]he name of the creditor is The Bank of New York Mellon." Id. There is no foreclosure action currently pending against Chomo. D. 24 at 1.

## IV. Procedural History

Chomo instituted this action on December 26, 2017. D. 1. Defendants Countrywide, Full Spectrum and BANA have now moved to dismiss all counts against them, D. 14, and Defendants BNY Mellon, the Trustee and SPS moved separately to dismiss all counts against them, D. 22. The Court heard the parties on the pending motions and took the matters under advisement. D. 59.

## V. Discussion

### A. Violation of 15 U.S.C. § 1641 against BANA (Count I)

BANA argues that Chomo's claim under the Truth in Lending Act, 15 U.S.C. § 1641 ("TILA") should be dismissed because it is time-barred. Claims under TILA must be brought within one year from the date of the occurrence of the alleged violation. 15 U.S.C. § 1640(e). Here, Chomo alleges that BANA failed to notify him about an assignment of the mortgage that occurred on June 16, 2016 within thirty days, as required by TILA. Based on those allegations, BANA would have been required to notify him by July 16, 2016 of the transfer. The accrual date for his claim, therefore, is July 16, 2016, with an expiration of July 16, 2017. Because Chomo did not file this lawsuit until December 26, 2017, his claim is time-barred. See Rodrigues v. Members Mortg. Co., 323 F. Supp. 2d 202, 210 (D. Mass. 2004) (granting motion to dismiss plaintiff's TILA claims that were not filed within one year of the date of the alleged violation).

Chomo argues that equitable tolling applies to his TILA claim and accordingly the claim is not barred by the statute of limitations. D. 24 at 3. However, "the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations." Jones v. Bank of N.Y., Civ. A. No. 12-11503-RWZ, 2013 WL 3728382, at *6 (D. Mass. July 12, 2013) (citation omitted). Rather, Chomo must show that he was "in some extraordinary way . . . prevented from asserting his rights" in a timely manner. Id. (alteration in original) (citation omitted).

Chomo alleges that he never received notice that the Mortgage was assigned to BANA in June 2016 and the letters from SPS "concealed the true owner of the Chomo mortgage." D. 1 ¶¶ 7-9. The Court construes this allegation as a request for equitable tolling due to fraudulent concealment. See Im v. Bayview Loan Servicing LLC, No. 16-CV-634 (JPO), 2018 WL 840088, at *3 (S.D.N.Y. Feb. 12, 2018). Equitable tolling under the doctrine of fraudulent concealment requires that "[t]he defendant raising the limitations defense must have engaged in fraud or deliberate concealment of material facts relating to his wrongdoing and the plaintiff must have failed to discover these facts within the normal limitations period despite his exercise of due diligence." Hernandez Jimenez v. Calero Toledo, 604 F.2d 99, 101 (1st Cir. 1979) (citations omitted). Because Chomo has not alleged that BANA (rather than SPS) misled him or "prevented him from asserting his rights in any way," the Court concludes that equitable tolling is unwarranted as to the claim against BANA. Corcoran v. Saxon Mortg. Servs., Inc., Civ. A. No. 09–11468–NMG, 2010 WL 2106179, at *3 (D. Mass. May 24, 2010); see Im, 2018 WL 840088, at *3 (granting motion to dismiss despite plaintiff's claim of entitlement to equitable tolling under TILA where plaintiff "fail[ed] to indicate what—beyond failure to comply with TILA's disclosure requirements—Defendants did to conceal the assignment").

Even if Chomo's claim was not time-barred, Chomo's claim would still fail because 15 U.S.C. § 1641(g) does not apply to an assignment of the Mortgage, as opposed to the underlying debt. TILA provides: "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer." 15 U.S.C. § 1641(g)(1). In the context of § 1641(g), a "mortgage loan" is defined as "any consumer credit transaction that is secured by the principal dwelling of a consumer." Id. § 1641(g)(2). The "mortgage loan" is the "credit transaction itself (*i.e.*, the Note), not the instrument securing that credit transaction (*i.e.*, the Mortgage)." Connell v. CitiMortgage, Inc., No. 11-0443-WS-C, 2012 WL 5511087, at *6 (S.D. Ala. Nov. 13, 2012); see Barr v. Flagstar Bank, F.S.B., Civ. A. No. RDB-13-2654, 2014 WL 4660799, at *3 (D. Md. Sept. 17, 2014) (noting that the term "mortgage loan" is "synonymous only with 'debt'" and that § 1641(g) reflects a "conscious choice to exclude transfers of only the security instrument" (emphasis in original)). Regulation Z, which implements TILA, further provides that an entity is covered by § 1641(g) only if it "becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer." 12 C.F.R. § 1026.39(a)(1). Chomo's TILA claim against BANA concerns the alleged assignment of the Mortgage from the Trustee to BANA in July 2016. D. 1 ¶ 7. Because Chomo alleges only the assignment of the security instrument (the Mortgage) and not the underlying debt (the Note), the transfer of the Mortgage to BANA in July 2016 does not trigger the disclosure requirement of § 1641(g). See Maddox v. Wells Fargo Bank, NA, Civ. A. No. MJG-15-1032, 2015 WL 4069464, at *2-3 (D. Md. July 2, 2015) (holding that MERS' assignment of a mortgage alone did not trigger the notice requirements of § 1641(g) and granting

7

motion to dismiss plaintiff's TILA claim). The Court, therefore, grants BANA's motion to dismiss Count I.

### B. Violation of 15 U.S.C. § 1641 against BNY Mellon (Count II)

BNY Mellon argues that Chomo's TILA claim against it is time-barred for the same reasons described above. Chomo alleges that the Mortgage was assigned to BNY Mellon "between July 25, 2016 and June 26, 2017" and BNY Mellon failed to notify Chomo within 30 days of that assignment. D. 1 ¶ 30. If the alleged violation of TILA occurred before December 26, 2016, Chomo's TILA claim against BNY Mellon is time-barred based on the one-year statute of limitations provided for by 15 U.S.C. § 1640(e). Even if the alleged violation occurred after December 26, 2016 and Chomo's claim is not time-barred, Chomo still fails to state a claim under TILA. Chomo does not allege that legal title to the underlying debt obligation (i.e., the Note) was transferred to BNY Mellon and, as explained above, assignment of the Mortgage alone is insufficient to trigger § 1641(g). Furthermore, the Court agrees with BNY Mellon that § 1641(g) does not apply to the assignment of the Mortgage to the Trustee because the Trustee was not the "original creditor" on the November 18, 2004 mortgage loan with Full Spectrum. See Shilo v. Ditech Fin. LLC, Civ. A. No. 16-11564, 2017 WL 3202725, at *6 (D. Mass. July 26, 2017) (citing cases for the proposition that a "creditor" subject to the notice provisions under TILA is an "entity to whom the debt arising from the consumer credit transaction [is] initially payable"). The Court, therefore, grants BNY Mellon's motion to dismiss Count II.

### C. Wrongful Acceleration against BNY Mellon and/or the Trustee (Count III)

Chomo contends that the 2017 acceleration of the Mortgage by BNY Mellon and/or the Trustee was unlawful, either due to violations of the governing trust document and IRS rules

relating to the assignment of the Mortgage, see D. 1 ¶¶ 4, 36, 43, or because BNY Mellon and the Trustee "do[] not own the Note," D. 1 ¶ 36.

As to the first set of Chomo's contentions, the Court agrees with Defendants that Chomo lacks standing to challenge the alleged defects in the Mortgage assignment because such defects would render the Mortgage voidable, rather than void. See Butler v. Deutsche Bank Trust Co. Ams., 748 F.3d 28, 37 (1st Cir. 2014) (stating that "[u]nder Massachusetts law, it is clear that claims alleging disregard of a trust's [pooling and servicing agreement] are considered voidable, not void"); Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st Cir. 2013) (explaining that "a mortgagor does not have standing to challenge shortcomings in an assignment that render it merely voidable at the election of one party but otherwise effective to pass title").

As to the further allegation that BNY Mellon and/or the Trustee do not own the Note, Chomo's claim is unpersuasive because he acknowledges the Note was endorsed in blank. When this occurs, "an instrument becomes payable to the bearer and may be negotiated by transfer of possession alone until specially endorsed." Mass. Gen. L. c. 106, § 3-205(b). The Court also rejects Chomo's argument that the endorsement was invalid because it was allegedly not actually signed by the managing director. The First Circuit has noted that "robo-signing," which is "loosely defined as bank employees tasked with rapidly signing large numbers of affidavits and legal documents asserting the bank's right to foreclose without the employees actually checking the documents to ensure their accuracy," has no legal significance under Massachusetts law and rejected a plaintiff's conclusory allegation that a "robo-signed" mortgage assignment rendered that assignment fraudulent and void. Wilson v. HSBC Mortg. Servs., 744 F.3d 1, 13-14 (1st Cir. 2014). Similarly, a Massachusetts appellate court has rejected a plaintiff's argument that an assignment of a mortgage was defective based on an allegedly "robo-signed" document where the plaintiff

had not contested the fact that the assignor validly held the mortgage. Wells Fargo Bank, N.A. v. Anderson, 89 Mass. App. Ct. 369, 372 (2016).

To the extent that Chomo relies upon Mass. Gen. L. c. 244, § 14, see D. 1 ¶ 35, such reliance also does not aid his argument. Section 14 lays out notice procedures that mortgagees must follow before conducting foreclosure sales, but, even as alleged, there is no foreclosure action currently pending against him. The statute, therefore, is inapplicable here. See Rice v. Santander Bank, N.A., 196 F. Supp. 3d 146, 153 (D. Mass. 2016) (dismissing plaintiff's claim under Mass. Gen. L. c. 244, § 14 where no foreclosure sale had been scheduled). To the extent Chomo intended to rely upon Mass. Gen. L. c. 244, § 35A, which prohibits a mortgagee from accelerating the maturity of an unpaid balance without offering the mortgagor a right to cure, such a claim would also fail because Chomo has not alleged that BNY Mellon or the Trustee denied him a right to cure upon acceleration. In sum, Chomo has not articulated any viable legal basis for this claim and the Court accordingly grants Defendants' motion to dismiss Count III.

### D. Quiet Title against Countrywide, Full Spectrum, BANA, BNY Mellon and the Trustee (Count IV)

A plaintiff seeking quiet title in Massachusetts pursuant to Mass. Gen. L. c. 240, § 10 must show both a right to possession and legal title to the property. See Bevilacqua v. Rodriguez, 460 Mass. 762, 767 n.5 (2011). "In a title theory state like Massachusetts, a mortgagor does not in fact hold legal title to the mortgaged property." Oum v. Wells Fargo, N.A., 842 F. Supp. 2d 407, 412 (D. Mass. 2012) (citing U.S. Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 649 (2011)), abrogated on other grounds, Culhane, 708 F.3d at 290. Rather, the mortgagee holds the title. Id. A quiet title action, therefore, is not available to a mortgagor who is in arrears because "until the mortgage is discharged, the title necessarily remains under a cloud." Id. (granting motion to dismiss mortgagor plaintiffs' claim for quiet title where plaintiffs had not alleged that they had redeemed

their mortgages or that they were able to do so). Because Chomo does not hold legal title to the mortgaged property, the Court allows Defendants' motion to dismiss Count IV.

E.     **Declaratory Judgment Against BNY Mellon and the Trustee (Count V)**

Chomo seeks a declaratory judgment stating that neither BNY Mellon nor the Trustee has standing to conduct a non-judicial foreclosure sale on his home. D. 1 ¶ 44. BNY Mellon and the Trustee argue that the claim is not ripe as a matter of law because they have not instituted any foreclosure proceedings. D. 23 n.4. The court's power to grant declaratory relief is limited to "a case of actual controversy." 28 U.S.C. § 2201(a); see Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 272-73 (1941); see also Labor Relations Div. of Constr. Indus. of Mass. v. Healey, 844 F.3d 318, 326 (1st Cir. 2016) (explaining that "a claim is ripe only if the party bringing suit can show both that the issues raised are fit for judicial decision at the time the suit is filed and that the party bringing suit will suffer hardship if court consideration is withheld" (citation and internal quotation marks omitted)). Here, Chomo has not alleged that BNY Mellon and the Trustee have initiated foreclosure proceedings or even threatened to do so. Chomo has also not alleged that he is unable to pay his mortgage loan, such that foreclosure should be imminently expected. Given these circumstances, the Court allows the motion to dismiss Count V without prejudice. See Rose v. Bank of Am., Civ. A. No. 16-11558-FDS, 2018 WL 443451, at *2 (D. Mass. Jan. 16, 2018) (explaining that a foreclosure action must be "sufficiently imminent" to issue a declaratory judgment about a lender's foreclosure rights); Magno v. U.S. Bank N.A., No. 3:11-cv-00332-MO, 2013 WL 1636074, at *4 (D. Or. Apr. 16, 2013) (holding that plaintiff's declaratory judgment claim was not ripe because "no nonjudicial foreclosure [had] occurred, and no nonjudicial foreclosure [was] pending").

### F. Violation of Mass. Gen. L. c. 93A against Countrywide (Count VI)

For claims under Chapter 93A, the prior service of a demand letter is a jurisdictional prerequisite. Mass. Gen. L. c. 93A, § 9(3); see Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (explaining that the statutory notice requirement under Chapter 93A is "not merely a procedural nicety, but, rather, a 'prerequisite to suit'") (quoting Entrialgo v. Twin City Dodge, Inc., 368 Mass. 812, 813 (1975))). Chomo admits in his complaint that he did not send a demand letter to Countrywide but claims he is excused from doing so because Countrywide does not do business in Massachusetts. D. 1 ¶ 48; see Mass. Gen. L. c. 93A, § 9(3) (providing that "[t]he demand requirements of this paragraph shall not apply . . . if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth"). Chomo, however, acknowledges that Countrywide originated the loan in Massachusetts (through its predecessor Full Spectrum) and that the loan was secured by property in Massachusetts. See D. 1 ¶¶ 2-3; Okoye v. Bank of N.Y. Mellon, Civ. A. No. 10-11563-DPW, 2011 WL 3269686, at *4 (D. Mass. July 28, 2011) (noting that "[a] recorded mortgage secured by real property located in the Commonwealth is an asset[] within the commonwealth for purposes of Chapter 93A" (citation and internal quotation marks omitted)). Countrywide also maintains a resident agent in Massachusetts. D. 15-1.

Even if the Court assumes that the demand requirement is met here, however, Chomo's claim is deficient because Chapter 93A requires a plaintiff to have suffered harm as a result of the violation. See Gathuru v. Credit Control Servs., 623 F. Supp. 2d 113, 123 (D. Mass. 2009) (noting that, to prevail on a claim under Chapter 93A, a plaintiff must have suffered an "actual injury"). Chomo bases his Chapter 93A claim on the allegation that the Note contains endorsements that purport to be signed by a managing director, but were, in fact, not signed by him. See D. 1 ¶¶ 46-

12

47. Chomo has not, however, explained how this alleged misrepresentation has caused him harm. He also does not allege that Countrywide lacked authorization to endorse the note. The Court, therefore, allows Countrywide's motion to dismiss Count VI.

### G. Claims against Defendant SPS

Chomo did not assert any causes of action against SPS in the complaint. In his opposition, however, Chomo requests to amend his complaint to include allegations of a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), against SPS. D. 30 at 13-14. The Court, therefore, considers whether allowing such amendment would be futile.

Chomo argues that SPS made a false representation to Chomo in violation of the FDCPA by sending him letters stating that the Trustee was able to foreclose when it knew that the Spector indorsement was not signed by an officer of Countrywide. D. 30 at 14. Section 1692e of the FDCPA provides in relevant part that:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) The false representation of – (A) the character, amount, or legal status of any debt . . . .

15 U.S.C. § 1692e. Chomo must establish three elements for a viable FDCPA claim: "(1) that [he] was the object of collection activity arising from consumer debt, (2) defendant[] [is a] debt collector[] as defined by the FDCPA, and (3) defendant[] engaged in an act or omission prohibited by the FDCPA." O'Connor v. Nantucket Bank, 992 F. Supp. 2d 24, 30 (D. Mass. 2014).

SPS argues that the allegedly false signature on the Countrywide endorsement did not alter the legal status of Chomo's debt. D. 23 at 11-12. As discussed above, the Court rejects Chomo's "robo-signing" arguments. Furthermore, Chomo contests only the validity of the signatures—not Full Spectrum's authority to assign the Note or Countrywide's authority to endorse the Note.

Accordingly, the Court concludes that Chomo has not stated a plausible claim for a violation of the FDCPA and that any amendment to his complaint to include such a claim against SPS would be futile.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motions to dismiss, D. 14; D. 22.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge